**IN THE COURT OF APPEALS OF IOWA**
No. 19-1969
Filed February 19, 2020

**IN THE INTEREST OF L.L.,**
**Minor Child,**

**K.O., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.


     A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


     Shane P. O'Toole, Des Moines, for appellant mother.

     Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

     Dusty Clements of Clements Law & Mediation, Newton, attorney and

guardian ad litem for minor child.


     Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her minor child.[1] She challenges the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court, argues termination is not in the child's best interests, and requests a six-month extension to work toward reunification. Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

Our de novo review discloses the following pertinent facts. The mother has been in and out of prison since 2012. She has also been using methamphetamine off and on since that time. The child was born to the mother while she was serving a prison sentence in 2017. The mother was released from prison and assumed care of the child in February 2018. In October, the child was removed from the mother's care after testing positive for methamphetamine. The child was placed in foster care, where she remained throughout the proceedings. In January 2019, the child was adjudicated in need of assistance. The mother has failed to take any steps to meaningfully address her substance-abuse issues. She continued to use and test positive for methamphetamine throughout the proceedings. At the termination hearing, the mother testified she declined to engage in substance-abuse treatment during the proceedings because she felt she functions better and can properly care for the child when she is using methamphetamine.

---

[1] The child's father's parental rights were also terminated. He did not participate in the proceedings and does not appeal.

In September, the mother pled guilty to neglect of a dependent person, said person being the child in interest. The mother was sentenced to a suspended term of imprisonment not to exceed ten years and was placed on probation. However, by the time of the termination hearing in November, the mother was incarcerated for violating her probation. A probation revocation hearing was scheduled in the coming weeks, and the mother's probation officer's recommendation that her probation be revoked was forthcoming.

The child has been in the same foster placement since removal, where she is thriving. The foster parents intend to adopt upon termination. The mother acknowledged at the termination hearing the child would be better off remaining in the foster parents' care and the child should not be required to wait any longer for permanency. She agreed she is incapable of caring for the child.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (h), (i), and (*l*) (2019). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under section 232.116(1)(h), we find the evidence clear and convincing that the child is three years of age or younger, has been adjudicated a child in need of assistance, has been removed from the mother's custody for the last six consecutive months with no trial periods at home, and could not be returned to the mother's care at the time of the termination hearing. The evidence was sufficient to support termination.

We turn to the child's best interests. Having given "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing

and growth of the child, and to the physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2), we conclude termination is in the child's best interests. The mother has been given ample time to get her affairs in order, and this child's best interests are best served by providing permanency and stability now. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))). The child is thriving and is integrated in her current placement, and her foster parents are willing to adopt. Continued stability and permanency in this home are in this child's best interests. *See* Iowa Code § 232.116(2)(b); *cf. In re M.W.*, 876 N.W.2d 212, 224–25 (2016) (concluding termination was in best interests of children where children were well-adjusted to placement, the placement parents were "able to provide for their physical, emotional, and financial needs," and they were prepared to adopt the children).[2]

Finally, the mother requests an additional six months to work toward reunification. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of

---

[2] The mother does not argue any of the permissive exceptions to termination should be applied to forego termination. As such, we need not address this step in the three-step termination framework. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

the additional six-month period." The juvenile court was unable to make such a finding, and neither are we. We conclude additional time is unwarranted and affirm the termination of the mother's parental rights.

**AFFIRMED.**